**IT IS ORDERED as set forth below:**

Date: April 18, 2023

_____

**Sage M. Sigler
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CWI CHEROKEE LF LLC | ) | CASE NUMBER: 23-52262-SMS |
| | ) | |
| Debtor. | ) | |
| | ) | |

### THIRD INTERIM ORDER ALLOWING USE OF CASH COLLATERAL

This matter came before the Court on an expedited hearing on March 23, 2023 (the "Initial Hearing"), pursuant to an *Order and Notice of Expedited Preliminary Hearing on Debtor's Motion to Use Cash Collateral* [Doc. 26], to consider *Debtor's Motion to Authorize Interim and Final Use of Cash Collateral and Request for Expedited Preliminary Hearing* [Doc. 20] (the "Motion"). Counsel for Debtor CWI Cherokee LF, LLC ("Debtor"), counsel for the secured creditor UMB Bank, N.A., not in its individual capacity, but solely in its capacity as successor trustee (the

"Bond Trustee") under the Trust Indenture dated June 23, 2020, (the "Indenture") by and between Solid Waste Disposal Authority of the Cities of Muscle Shoals, Sheffield, and Tuscumbia, Alabama (the "Authority") and Regions Bank, as original trustee (the "Prior Trustee"),[1] pursuant to which the Authority issued $14,100,000 Solid Waste Disposal Revenue Bonds (Cherokee Industrial Landfill Project) Series 2020-A and $4,530,000 Taxable Solid Waste Disposal Revenue Bonds, Series 2020-B (the "Bonds"), and counsel for the Authority appeared and were heard at the Initial Hearing.

Following the Initial Hearing, the Debtors and the Bond Trustee conferred and agreed to the terms of an interim order (the "First Interim Order Allowing Use of Cash Collateral") [Doc. 39] on a consensual basis, which authorized the Debtor to use Cash Collateral (as therein defined) through and including April 6, 2023, and scheduled a subsequent hearing for April 6, 2023. Following the hearing on April 6, 2023, the parties agreed to the terms of a second interim order allowing the use of cash collateral through and including April 14, 2023 (the "Second Interim Order Allowing Use of Cash Collateral") [Doc. 68]. The parties have agreed to a third interim order allowing the use of cash collateral as set forth herein.

---

[1] The Motion recites that Regions Bank is trustee of the Bonds. On March 20, 2023, the Bond Trustee was appointed as successor bond trustee under the Indenture.

2

Based upon the Motion, the arguments of counsel, and the record in this case, the Court hereby finds and **ORDERS** as follows:

1.

The Bond Trustee asserts that it holds a valid, enforceable, binding, non-avoidable and perfected lien (the "Prepetition Liens") on assets of the Debtor (the "Prepetition Collateral") as described in the Indenture; the Bonds; the Lease Agreement, dated June 23, 2020, between the Authority and the Debtor; the Guaranty Agreement dated June 23, 2020, between the Debtor and the Prior Trustee; the Collateral Assignment of Contracts, Permits Licenses and Plans dated June 23, 2020, between the Debtor and the Prior Trustee; the Collateral Assignment of Contracts, Permits Licenses and Plans dated June 23, 2020, between the Authority and the Prior Trustee; the Mortgage, Assignment of Rents and Leases, and Security Agreement dated June 23, 2020 from the Authority and the Debtor to the Prior Trustee; the Security Agreement dated June 23, 2020, between the Debtor and the Prior Trustee; and related documents.

2.

Pursuant to Fed. R. Bankr. P. 4001(b)(2), it appears that the Debtor will suffer immediate and irreparable harm if it is not permitted to use Cash Collateral (defined below) on an interim basis as authorized herein.

3.

The Debtor is authorized, through and including April 28, 2023, to use the revenue generated by the operation of its business (the "Cash Collateral"), subject to and solely in accordance with the budget attached as **Exhibit "A"** hereto (the "Budget"), pursuant to and in accordance with the terms and conditions of this Order. The Cash Collateral shall be deposited into the debtor-in-possession account at Wells Fargo Bank, N.A., Account xxxxxx5033.  The Debtor shall not use any Cash Collateral to make payments to insiders (as defined in the Bankruptcy Code) of the Debtor or to pay pre-petition debts.

4.

Debtor shall not be permitted or authorized to use Cash Collateral other than as expressly authorized by this Order, a subsequent order of this Court, or the prior written consent of the Bond Trustee.  The entry of this Order is without prejudice to the ability of the Bond Trustee, the Debtor, or the Authority to present further evidence and argument at any subsequent hearings regarding the use of Cash Collateral.

5.

The Bond Trustee is entitled, pursuant to §§ 361, 362, 363(c)(2), and 363(e) of the Bankruptcy Code, to the following adequate protection (the "Adequate Protection Obligations") for any diminution in value on account of Debtor's use of

4

such Prepetition Collateral (including Cash Collateral) and the imposition of the automatic stay (collectively, the "Diminution in Value") with such Adequate Protection Obligations being legal, valid and binding obligations of the Debtor and enforceable against the Debtor, and its estate, including without limitation, any trustee appointed in the Debtor case or in any case under chapter 7 of the Bankruptcy Code upon conversion of such cases or any other proceeding superseding or related to any of the foregoing, subject to the terms set forth in this Order:

    a) **Replacement Liens**. The Bond Trustee is hereby granted pursuant to §§ 361 and 363 of the Bankruptcy Code, and solely to the extent of the Diminution in Value, valid, binding, enforceable, and perfected replacement liens upon and security interests in all assets of the Debtor, including the Cash Collateral of the Debtor generated from and after the commencement of this bankruptcy case, to the same extent, validity, priority and nature as the Prepetition Lender's liens and security interests therein as of the Petition Date (the "Replacement Liens"). The Replacement Liens shall not be subject to challenge and shall attach and become valid, perfected, binding, enforceable, non-avoidable and effective by operation of law as of the date of the entry of this Order on a final basis, without any further action by the Debtor or the Bond Trustee, respectively, and without the necessity of execution by the Debtor or the filing or recordation, of any financing

5

statements, security agreements, deposit control agreements, vehicle lien applications, mortgages, filings with a governmental unit (including, without limitation, the U.S. Patent and Trademark Office or the Library of Congress), or other documents or the taking of any other actions. Notwithstanding and without limiting the foregoing, the Bond Trustee may file such financing statements, mortgages, notices of liens and other similar documents as it deems appropriate, and it is hereby granted relief from the automatic stay of section 362 of the Bankruptcy Code in order to do so, and all such financing statements, mortgages, notices and other documents shall be deemed to have been filed or recorded as of the Petition Date. The Replacement Liens shall be valid and enforceable against any trustee appointed in this Case, upon the conversion of this Case to a case under Chapter 7 of the Bankruptcy Code, or in any other proceeding related to any of the foregoing, or upon the dismissal of this Case or any successor case. The Replacement Liens shall not be subject to sections 510, 549, or 550 of the Bankruptcy Code.

  b) <u>507(b) Claims</u>. The Bond Trustee is hereby granted, solely to the extent provided by § 507(b) of the Bankruptcy Code, an allowed superpriority administrative expense claim in the Debtor's bankruptcy case (the "<u>Adequate Protection Superpriority Claims</u>"). The Bond Trustee's Adequate Protection Superpriority Claims shall have priority over all

administrative expense claims and unsecured claims against the Debtor and its estate now existing or hereafter arising, of any kind or nature whatsoever.

    c)    <u>Reporting Requirements and Information Rights</u>.  As additional adequate protection, the Debtor shall provide or cause to be provided to the Bond Trustee:

    i.    on a weekly basis, no later than Wednesday of each week, a weekly report of revenues collected including a breakdown of the sources of all such revenues;

    ii.    on a weekly basis, no later than Wednesday of each week, a report reconciling actual expenditures during the prior week to the Budget, including any variance in excess of the amounts authorized herein, and a schedule of accrued and unpaid expenses of Debtor through the end of the prior week;

    iii.    bi-weekly management calls with Debtor's officers, management, financial advisors, and counsel; and

    iv.    such additional financial and business information as the Bond Trustee may request from time to time

6.

Debtor agrees to provide the Authority with copies of information provided to Bond Trustee under Paragraph 5(c)(i) and (ii) above.

7

7.

The Debtor shall not sell, transfer, lease, encumber or otherwise dispose of any portion of the Prepetition Collateral or collateral to which any Replacement Lien attaches outside of the ordinary course of business, and shall not consent to relief from the automatic stay by any person other than the Bond Trustee with respect to all or any portion of the Prepetition Collateral or collateral to which any Replacement Lien attaches without the prior written consent the Bond Trustee or order of this Court.

8.

If any or all of the provisions of this Order are hereafter modified, vacated or stayed by any Order of this Court or any other court, any Cash Collateral used by Debtor pursuant to this Order prior to the effective date of such modification, stay or vacation shall be governed in all respects by the provisions of this Order.

9.

The failure of the Bond Trustee to seek relief or otherwise exercise its rights and remedies under this Order, the Security Agreement and related documents, or otherwise, as applicable, shall not constitute a waiver of the Bond Trustee's rights hereunder, thereunder, or otherwise.  Notwithstanding anything herein, the entry of this Order is without prejudice to, and does not constitute a waiver of or otherwise

8

impair the Bond Trustee's or the Authority's rights under the Bankruptcy Code or under non-bankruptcy law.

10.

The Debtor's right to use the Cash Collateral pursuant to this Order shall terminate (the date of any such termination, the "Termination Date") without further notice or hearing on the earliest to occur of (i) April 28, 2023, or (ii) the Debtor's failure to perform any of its obligations under this Order or its failure to comply with any of the terms or conditions of this Order (each, a "Termination Event").  Upon the occurrence and during the continuance of a Termination Event, the Debtor shall not be authorized to continue to use Cash Collateral unless such use is consented to by the Bond Trustee in its sole discretion, or is otherwise authorized by further order of the Court.

11.

Notwithstanding any order that may be entered dismissing the Bankruptcy Case under § 1112 of the Bankruptcy Code: (i) the Prepetition Liens, Adequate Protection Liens, and Adequate Protection Superpriority Claims shall continue in full force and effect and shall maintain their priorities as provided in this and other orders of the Court until such obligations shall have been indefeasibly paid in full in cash; (ii) the other rights granted by this Order shall not be affected; and (iii) the Court shall retain jurisdiction, notwithstanding such dismissal, for the purposes of

enforcing the claims, liens and security interests referred to in this paragraph and otherwise in this Order.

12.

The provisions of this Order and any actions taken pursuant hereto shall survive the entry of any order: (i) converting the Bankruptcy Case to a chapter 7 case; or (ii) dismissing the Bankruptcy Case.

13.

Nothing contained herein shall preclude the Bond Trustee of Authority from making appropriate requests of the Court for such other and further relief they may deem appropriate under the Bankruptcy Code, including without limitation relief from the automatic stay pursuant to § 362 of the Bankruptcy Code.  Specifically, entry of this Order shall be without prejudice to the Bond Trustee's or Authority's ability to assert other rights or seek other remedies, including but not limited to any right to seek additional adequate protection.

14.

Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15.

The Court shall retain jurisdiction over any and all matters arising from or related to the interpretation or implementation of this Order.

16.

The Court shall hold a final hearing on the Motion at **10:00 a.m. on the 28th day of April, 2023 IN COURTROOM 1201, U.S. COURTHOUSE, 75 TED TURNER DRIVE, SW, ATLANTA, GEORGIA 30303**, utilizing **Judge Sigler's Virtual Hearing Room** located at https://www.ganb.uscourts.gov/content/honorable-sage-m-sigler.

Please review the "Hearing Information" tab on the judge's webpage, which can be found under the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the webpage for this Court, www.ganb.uscourts.gov for more information.

END OF DOCUMENT

Prepared and presented by:

/s/ Jonathan A. Akins
John A. Christy
Georgia Bar No. 125518
Jonathan Akins 472453
Georgia Bar No.

Proposed Attorneys for Debtor

11

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-4516
(404) 681-3450
(404) 681-1046 – facsimile

# EXHIBIT A

Interim Approved Expenses for April 15, 2023 through April 28, 2023

Payroll: $18,100

Health Insurance: $10,500

Workers Comp: $1,000

Property Insurance: $1,383

Equipment Insurance: $1,584

Liability/Pollution Insurance: $4,242

MSW Disposal Fees: $44,100

Fuel and Oil: $10,000

## DISTRIBUTION LIST

John A. Christy
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-4516

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303