UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| CWI CHEROKEE LF LLC | ) | CASE NUMBER: 23-52262-SMS |
| | ) | |
| Debtor. | ) | |
| | ) | |

**DEBTOR'S AMENDED MOTION TO SELL ASSETS FREE AND CLEAR
OF LIENS, CLAIMS, AND ENCUMBRANCES AND FOR (A) AN ORDER
AND NOTICE (I) DIRECTING BIDDING PROCEDURES SUBJECT TO
OBJECTION, (II) SETTING PRELIMINARY HEARING IN EVENT OF
OBJECTION TO BIDDING PROCEDURES, AND (III) SETTING FINAL
SALE HEARING; AND (B) AN ORDER AT FINAL SALE HEARING
APPROVING SALE FREE AND CLEAR**

COMES NOW CWI Cherokee LF LLC, Debtor and Debtor-in-Possession

("Debtor"), and submits this *Motion to Sell Assets Free and Clear of Liens, Claims
and Encumbrances and for (A) an Order and Notice (i) Directing Bidding
Procedures Subject to Objection, (ii) Setting Preliminary Hearing in Event of
Objection to Bidding Procedures, and (iii) Setting Final Sale Hearing; and (B) an
Order at Final Sale Hearing Approving Sale Free and Clear* (the "Motion"). In

support of the Motion, Debtor shows the Court as follows:

1.

This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is

proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are Sections 105(a), and 363(b), (f) and (m) of the Bankruptcy Code.

2.

Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code on March 7, 2023 (the "Petition Date"). No trustee has been appointed and Debtor is operating its business as a debtor-in-possession.

3.

Debtor's business (the "Business") is the operation a landfill known as Cherokee Industrial Landfill ("Landfill"). Debtor's primary assets are a leasehold interest in the Landfill and a transfer station in Muscle Shoals, Alabama (the "Muscle Shoals Transfer Station"), which rights Debtor holds pursuant to a Lease Agreement by and between the Solid Waste Disposal Authority of Muscle Shoals, Tuscumbia, and Sheffield, Alabama ("SWDA") as Lessor and Debtor as Lessee dated as of June 23, 2020 (the "Lease"), along with permits, equipment, and other assets attendant with the operation of the Landfill, including a Disposal Agreement with the SWDA dated June 23, 2020 (the "Disposal Agreement").

4.

Debtor desires to sell the Bankruptcy Estate's interest in all of the assets used

2

in or relating to the Business (collectively, the "Subject Assets"), including

a)    All of Debtor's right, title, and interest in and to the Landfill and the Muscle Shoals Transfer Station, including the Lease and the Disposal Agreement;

b)    Debtor's right, title, and interest in that certain Ground Sublease and Lease of Improvements dated June 23, 2020 between CWI Transfer HSV, LLC and CWI Cherokee LF LLC, concerning certain described property in Limestone County, Alabama (the "Huntsville Transfer Station")

c)    All tangible personal property and equipment of Debtor located at the Landfill, Muscle Shoals Transfer Station; and Huntsville Transfer Station; and

d)    All government authorizations, permits, and licenses Debtor holds in connection with the Business, to the extent transferrable.

5.

Debtor has engaged B. Riley Securities, Inc. ("B. Riley") as its investment banker to market and sell the Subject Assets as set forth herein, including to potentially identify a stalking horse bidder and to marshal competing bidders for an auction of the Subject Assets.

6.

The Subject Assets are to be sold on an "**As Is, Where Is**" basis and may be free and clear of all liens, claims, interests, and encumbrances.  The Sale Order will provide that Buyer is a good faith purchaser and is entitled to the protections of Section 363(m) of the Bankruptcy Code, provided that Buyer provides adequate evidence to support such a finding.

### A. Debtor's Authority to Sell

7.

Section 363(b)(1) of the Bankruptcy Code provides that a trustee, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."

8.

Pursuant to section 1107 of the Bankruptcy Code, Debtor, as debtor-in-possession, has all the rights and powers of a trustee.

9.

The proposed use, sale, or lease of property of the estate may be approved under Bankruptcy Code § 363(b) if it is supported by sound business justification. See *In re Big Shanty Land Corp.*, 61 B.R. 272, 279 (Bankr. N.D. Ga. 1985); *Comm. of Equity Security Holders v. Lionel Corp.*, 722 F. 2d 1063, 1070 (2d Cir. 1983).

Courts have made it clear that a debtor's showing of a sound business justification need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon the facts and circumstances of each case. *Lionel Corp.*, 822 F. 2d at 1070.

10.

Debtor believes that good cause exists to authorize the sale of the Subject Assets under the procedures outlined herein and that such sale is in the best interest of the bankruptcy estate and creditors. More specifically, the Landfill is not currently operating and not presently generating an income stream for the Bankruptcy Estate. Debtor believes that a sale of the Subject Assets is the best way to generate funds for the Estate and to pay as much to creditors as possible. Further, Debtor believes that an orderly sale of the Subject Assets will bring the highest and best price possible.

11.

The Subject Assets will be exposed to the market pursuant to the Bidding Procedures set forth below.

5

12.

The sale is being proposed in good faith and the Buyer will be a good faith purchaser.  Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m).  While the Bankruptcy Code does not define "good faith", the Third Circuit in *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986), has held that:

> [t]he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

788 F.2d at 147 (citations omitted).

13.

Debtor submits that marketing and auction held pursuant to the procedures outlined herein will produce a good faith purchaser. Debtor thus requests that the Bankruptcy Court make a finding that the successful bidder at an auction has purchased the Subject Assets in good faith within the meaning of Section 363(m) of the Bankruptcy Code.

14.

Debtor submits that the bidding procedures assure that the sale will be at the highest and best price and to a good faith purchaser.

15.

Based on the above analysis and considerations, in Debtor's business judgment, the sale of the Subject Assets pursuant to the procedures proposed herein is in the best interest of the Bankruptcy Estate and creditors.

**B.     *Sale Free and Clear of Liens, Claims, and Encumbrances***

16.

Depending on the terms of the offers received, the proposed sale may be free and clear of all liens, claims, interests, and encumbrances, or subject to existing secured indebtedness. Estate property may be sold free and clear under 11 U.S.C. § 363(f)(1) if applicable non-bankruptcy law permits it, under Section 363(f)(2) if such

lien holder consents, under Section 363(f)(3) where the price at which the property is to be sold is greater than the aggregate value of all liens on the property, under Section 363(f)(4) if such interest is in bona fide dispute, or under Section 363(f)(5), if a lien holder could be compelled to accept a money satisfaction in a legal or equitable proceeding.

17.

The following liens, interests, and encumbrances are claimed against Debtor's property:

> (i)    Consistent with the Cash Collateral Order, UMB Bank NA (the "Bond Trustee") holds a valid, enforceable, binding, non-avoidable and perfected lien Debtor, without defense, claim, counterclaim, challenge or offset of any kind, as follows (collectively, the "Prepetition Bond Claims"): (i) unpaid principal on the Bond in the amount of $18,340,000; (ii) unliquidated, accrued and unpaid fees and expenses of the Bond Trustee and its professionals incurred through the Petition Date (which amounts, when liquidated, shall be added to the aggregate amount of the Prepetition Bond Claims); and (iii) any applicable premiums, indemnities and all other obligations arising under or related to the Bond Documents through the Petition Date, including any

applicable premium owed in accordance with Section 3.02 of the governing indenture.

(ii)    Upon information and belief, Caterpillar Financial Services asserts a security interest in certain equipment of Debtor, to wit: a mini excavator, D3 skid steer, and D6 LGP dozer.  The outstanding amount of such debt is approximately $146,667;

(iii)    Upon information and belief, the Shoals Solid Waste Disposal Authority may assert an interest in a Caterpillar 826 Compactor pursuant to a lease with option to purchase agreement between Debtor and Shoals Solid Waste Disposal Authority.  The outstanding amount of such debt is approximately $524,000.

18.

To satisfy section 363(f) of the Bankruptcy Code, a trustee need only satisfy one of the five conditions set forth above. *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot),* 94 B.R. 343, 345 (E.D. Pa. 1988) (section 363(f) is written in the disjunctive; court may approve sale "free and clear" provided at least one of the subsections is met); *In re Shary*, 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993) (same); *see also In re Flyboy Aviation Props., LLC*, 501 B.R. 828, 834 (Bankr. N.D. Ga.

2013) ("In order to satisfy the requirements of section 363(f) only one subsection must be satisfied.").

19.

Section 363(f)(3) authorizes a debtor to sell estate property "free and clear" if the price at which the property is to be sold is greater than the aggregate value of all liens on the property.  *See* 11 U.S.C. § 363(f)(3).  If the price at which the Subject Assets will be sold is greater than the aggregate value of the liens on the Subject Assets, Section 363(f)(3) will be satisfied and the Subject Assets may be sold "free and clear."  *In re Terrace Gardens Park P'ship*, 96 B.R. 707, 713 (Bankr. W.D. Tex. 1989).

20.

Moreover, Section 363(f)(2) provides that the Debtor may sell estate property "free and clear" of another entity's interest in that property if "such entity consents." *See* 11 U.S.C. § 363(f)(2).  The Bidding Procedures provide the Bond Trustee with consent rights over the sale of the Subject Assets and the Bond Trustee reserves all rights with respect to such consent and compliance with Section 363(f)(2).

21.

The sale proposed herein is reasonable and proper under Sections 363 and 365 of the Bankruptcy Code and is in the best interests of the Debtor, its creditors, and the estate. Accordingly, the sale should be approved.

**C.    *Assigned Contracts***

22.

Any proposed sale will provide for the Debtor to assume and assign certain executory contracts (the "Assigned Contracts"), as may be identified by the proposed Buyer.

23.

Pursuant to Section 541 of the Bankruptcy Code, any Assigned Contracts are property of Debtor's estate, which may be sold and assigned consistent with Sections 363 and 365 of the Bankruptcy Code.

24.

Debtor proposes the following procedures for satisfying 11 U.S.C. § 365(b)(1)(A) and (B):

> (1)    To the extent any party to an executory contract, as identified in
>
> Debtor's schedules, contends that a default exists within the meaning
>
> of Section 365(b)(1)(A) or that it is owed compensation at the time of

assumption of such contract pursuant to Section 365(b)(1)(A) or (B), said party shall give Debtor notice (the "Cure Notice") of such assertion on or before July 11, 2023, including specifically the dollar amount of any monetary default or compensation which said party contends is owed and a detailed explanation of any nonmonetary defaults said party contends must be cured in connection with the assumption of such executory contract;

(2)    To the extent Debtor disputes any Cure Notice, Debtor requests that the Court, at the Final Sale Hearing, set an amount which shall be held in escrow (a "Cure Holdback") pending final adjudication of the cure amount;

(3)    Debtor requests that the Court find that such Cure Holdback provides adequate assurance, within the meaning of Section 365(b)(1)(A) and (B), to such counterparties to any Assigned Contracts, and that the order approving the sale authorize the assumption and assignment of such Assigned Contracts.

25.

It shall be each prospective Buyer's responsibility for providing evidence necessary for the Court to find that the assignee can provide adequate assurance of

future performance of an Assigned Contract within the meaning of Section 365(b)(1)(C) of the Bankruptcy Code.  Each prospective Buyer will assume all obligations that arise after the Closing under each Assigned Contract.  The Debtor will be relieved of any post-assignment liability for any breach of an Assigned Contract in accordance with Section 365(k) of the Bankruptcy Code.

### D.    *Break-Up Fee*

26.

Debtor proposes that the Stalking Horse Bid, as that term is defined herein, will receive bidder protections in the form of a Break-Up Fee, providing that, to the extent a sale of the Subject Assets is consummated to a party other than the Stalking Horse Bidder while the Stalking Horse Bidder is ready, willing, and able to close the transaction and is not in default, that said Stalking Horse be paid from the proceeds of said closing a "Break-Up Fee" in the amount of 2.5% of the purchase price provided in the Stalking Horse Bid.  For the avoidance of doubt, if the Bond Trustee serves as the Stalking Horse Bidder, the Bond Trustee is entitled to the Break-Up Fee.  However, if the Bond Trustee does not serve as the Stalking Horse Bidder but is the Successful Bidder, the Bond Trustee is required to pay the Break-Up Fee to the Stalking Horse Bidder.

27.

Sellers of assets often employ buyer protections in order to encourage the making of other purchase offers. These protections are "important tools to encourage bidding and to maximize the value of the Debtors' assets." *In re Integrated Resources, Inc.*, 147 B.R. 650, 659 (S.D.N.Y. 1992). The Debtors submit that the proposed Breakup Fee will not hamper or deter competitive bidding for the Subject Assets. Rather, it will encourage bidding by providing prospective buyers with an incentive to bid for the Identified Assets and will likely serve as a magnet for an initial Stalking Horse Bid and other bids.

**E.     *Sale Procedures***

28.

Debtor proposes the following procedures and bidding requirements ("Bidding Procedures"), and submits that such sale process and procedures will assure the integrity of the bidding process and promote higher and better bids from qualified bidders.

29.

Debtor, in consultation with the Bond Trustee, shall immediately begin marketing and soliciting offers to purchase the Subject Assets on reasonable and customary terms, subject to the Bidding Procedures.  Debtor, in consultation with

the Bond Trustee, shall provide such information as they reasonably believe necessary to adequately market and sell the Subject Assets, and may require that interested parties execute a non-disclosure agreement prior to accessing non-public information of the Debtor.

30.

Debtor will request Initial Indications of Interest ("IOIs") from prospective purchasers to be delivered on or before May 25, 2023, copies of which the Debtor shall provide to the Bond Trustee as soon as reasonably practical after such IOIs have been received by the Debtor; provided, however, that the Bond Trustee shall not disclose the contents of any such IOIs to any other creditor, prospective bidder, party, or non-party except that the Bond Trustee may disclose the IOIs to the bondholders provided such bondholders shall not disclose the IOIs to any other creditor, prospective bidder, party, or non-party and agree in advance to be bound by this order.

31.

On or before June 29, 2023, Debtor will receive potential stalking horse bids from prospective buyers. Debtor shall provide copies of such received bids as soon as reasonably practical to the Bond Trustee; provided, however, that the Bond Trustee shall not disclose the contents of any such bids to any other creditor,

prospective bidder, party, or non-party; except that the Bond Trustee may disclose the stalking horse bids to the bondholders provided such bondholders shall not disclose the Stalking Horse Bids to any other creditor, prospective bidder, party, or non-party and agree in advance to be bound by this order.

32.

On or before July 11, 2023, Debtor, subject to the consent of the Bond Trustee, will select a bid (the "Designated Stalking Horse Bid") to serve as the Stalking Horse Bid and the Debtor shall file such Stalking Horse Bid with the Court.  The Stalking Horse Bid shall be deemed a Qualified Bid, as that term is defined herein.

33.

Between July 11, 2023, and July 28, 2023, Debtor will receive Qualified Bids. To be considered a qualified bid (a "Qualified Bid"), subject to the consent of the Bond Trustee, the bid must be provided to the Debtor and the Bond Trustee in accordance with the order approving the Bidding Procedures and include:

    (i)    On substantially the same or better terms than those set forth in the Designated Stalking Horse Bid;

    (ii)    In a fully acceptable form, not subject to any inspection, title, financing, zoning, or other contingency or conditions precedent to the bidder's obligation to purchase the Subject Assets;

(iii)    Offer a purchase price of not less than the Designated Stalking Horse Bid, plus the Break-Up Fee, plus an overbid of $100,000.00..

(iv)    Deliver an earnest money deposit in an amount not less than ten (10) percent of the bid amount ("Earnest Money");

(v)    Provide for a closing date of August 14, 2023; and

(vi)    Provide any information reasonably requested by Debtor, in consultation with the Bond Trustee, to ensure to Debtor's reasonable satisfaction that such bidder is financially capable of consummating the transaction.

34.

The Bond Trustee has an absolute right to credit bid an amount up to the total amount of its claim (as set forth in this Motion and the Cash Collateral Order) and unless a Designated Stalking Horse bid, in an amount not less than as described in paragraph 33 (a "Credit Bid"). A Credit Bid shall constitute a Qualified Bid, without the need to place a deposit or provide information as described above. Upon exercise of a Credit Bid, the Bond Trustee shall have the right to designate any person or entity to take title to the Subject Assets that are subject to the credit bid, and provided that such designee takes title, the Bond Trustee shall not have any obligation in connection with or be deemed to have taken title to or ownership of, or have any

obligation in connection with the Subject Assets..  The Bond Trustee will not be a Backup Bidder unless the Bond Trustee consents in writing.  The Bond Trustee's Credit Bid may also serve as the Stalking Horse Bid, provided that it is highest and best bid to be selected as the Stalking Horse Bid.  If the Bond Trustee serves as the Stalking Horse Bidder, the Bond Trustee is entitled to the Break-Up Fee approved under this Motion.

35.

Bids shall be delivered to Debtor's counsel and B. Riley such that they are actually received on or before the applicable deadlines.  Bids may be submitted to:

> John A. Christy, Esq.
> Schreeder, Wheeler & Flint, LLP
> 1100 Peachtree Street, N.E.
> Suite 800
> Atlanta, Georgia 30309-4516
> Telephone: (404) 681-3450
> jchristy@swfllp.com

with a copy to

> Perry Mandarino
> B. Riley Securities, Inc.
> pmandarino@brileyfin.com

and

> Randall Brater
> ArentFox Schiff LLP
> 1717 K Street NW

Washington, D.C. 20006
randall.brater@afslaw.com

A Qualified Bid is firm and binding upon each Potential Bidder at the time that such bid is submitted to Debtor's counsel.

36.

If Debtor's counsel receives two or more Qualified Bids, Debtor will conduct an auction with respect to the sale of the Subject Assets on August 5, 2023, at 10:00 a.m. local Atlanta time, at the offices of Schreeder, Wheeler & Flint, LLP, 1100 Peachtree Street NE, Suite 800, Atlanta, Georgia 30309, or such other time and location as may be designated by the Debtor upon reasonable notice to Qualified Bidders (the "Auction").  Only persons who submitted a Qualified Bid shall be allowed to participate in the Auction.  Bidding shall begin initially with the highest and best Qualified Bid received, and subsequently continue in minimum increments of $100,000.  The Debtor will conduct the Auction in the manner it determines, in consultation with the Bond Trustee, will result in the highest, best, or otherwise financially most superior offer for the Subject Assets; provided that, if the Bond Trustee informs Debtor of its intent to Credit Bid, Debtor will have no further obligation to consult with the Bond Trustee on the manner of conducting the Auction.  The Auction shall be conducted openly and shall be transcribed.  The

required minimum amount of incremental bids may be adjusted by Debtor, in consultation with the Bond Trustee, subject only to a requirement of good faith. The bidding will not conclude until each participating bidder has had the opportunity to submit any additional Qualified Bid(s) with full knowledge of the existing highest bid. If Debtor's counsel receives only one Qualified Bid on or before the Bid Deadline, Debtor's counsel will report this fact to the Bankruptcy Court at the Final Sale Hearing and proceed, subject to the consent of the Bond Trustee, with the sale of the Subject Assets to such bidder.

37.

The Debtor, subject to the consent of the Bond Trustee which consent shall not be unreasonably withheld, reserves the right to determine, in its reasonable discretion, the value of any Qualified Bid and to determine which Qualified Bid constitutes the highest, best, or otherwise financially most superior offer for the Subject Assets; provided, however, that such determination shall be subject to review and approval of the Bankruptcy Court.

38.

At the conclusion of the bidding, Debtor will announce its determination . subject to the consent of the Bond Trustee which consent shall not be unreasonably withheld, as to the bidder (the **"**Successful Bidder**"**) submitting the highest and best

bid for the Subject Assets (the "Successful Bid"). The sale order designating the Successful Bid, shall be in a form acceptable to the Bond Trustee and submitted to the Bankruptcy Court for its consideration for approval at the Sale Hearing.

39.

Debtor may identify, in its discretion and subject to the consent of the Bond Trustee which consent shall not be unreasonably withheld, the bid or bids which constitute the next highest or best offer for the Subject Assets (the "Backup Bid", and such person submitting such Backup Bid, the "Backup Bidder").

40.

By submitting a bid, each Qualified Bidder shall be deemed to acknowledge that it has had an opportunity to inspect the Subject Assets and any pertinent documents prior to bidding and that such Qualified Bidder relied solely on that review and upon its own investigation and inspection regarding the Subject Assets in making its offers.

41.

The Debtor requests that a final hearing to approve the sale ("Sale Hearing") be scheduled to take place as soon as practical after the auction date. Debtor reserves the right to request that the Court reschedule the Sale Hearing; provided, however, that nothing herein modifies or limits the Bond Trustee's right to approve

modifications under the Final Cash Collateral Order [Doc. 87], including paragraph 11 thereof.  Debtor shall be deemed to have accepted a bid only when the bid has been approved by the Court at the Sale Hearing.

42.

The Earnest Money(s) shall be distributed, as follows:

(1)    Upon Closing of the transaction for which the Earnest Money was made, to Debtor, with all other Earnest Money deposits returned to the respective unsuccessful bidders;

(2)    Upon any breach by a Qualified Bidder prior to Closing, to Debtor;

(3)    Upon or within ten (10) days after entry of a final order by the Bankruptcy Court disapproving the transaction for which the Earnest Money was made:  refunded to the Successful Bidder;

(4)    Upon or within ten (10) days after written notification to the Successful Bidder by Debtor of Debtor's inability to close the transaction, then refunded to the Successful Bidder; or

(5)    If, due to the Successful Bidder's failure to consummate the sale of the Subject Assets, Closing does not occur within (i) the time period set forth in the Agreement with respect to the Successful

> Bid, (ii) an additional time period acceptable to Debtor in writing, or (iii) an additional time period authorized by the Bankruptcy Court: to Debtor.
>
> (6) Earnest Money released to the Debtor in accordance with this Paragraph shall become property of the Bankruptcy Estate, subject to the rights of creditors and parties in interest.

Debtor's counsel shall hold any Earnest Money received in accordance with these Bidding Procedures in an escrow account. Each Qualified Bidder acknowledges that Debtor's counsel shall act in accordance with these Bidding Procedures without further instructions. Debtor and Debtor's counsel shall have no duties or obligations with respect to the Bidding Procedures except those expressly set forth herein and in the applicable Agreement. Debtor' counsel shall not be required to invest the Earnest Money in an interest earning account or to segregate each deposit, but may, in its sole discretion, do so. In the event of a dispute between a Successful Bidder and Debtor or Debtor's counsel, Debtor's counsel shall have the right to retain the Earnest Money in escrow, and Debtor, Debtor's counsel, or the party making the Earnest Money may apply to the Bankruptcy Court for a determination of the rights and obligations of Debtor, Debtor's counsel, and the party making the Earnest Money. The fact that Debtor's counsel serves as holder of the

Earnest Money shall not disqualify it from representing the Debtor in any dispute over the disposition of the Earnest Money.

43.

Debtor will not be deemed to have accepted any bid, including the Successful Bid, until the Bankruptcy Court has entered an Order approving the Successful Bid and Debtor's consummation of the sale.  In the event Closing does not take place as provided below, Debtor reserves the right to accept, subject to the consent of the Bond Trustee which consent shall not be unreasonably withheld, the next highest and best Qualified Bid.

44.

If the Successful Bidder fails to close in accordance with the terms of the Successful Bid and the Order approving the sale, the Earnest Money of such Successful Bidder will be retained by Debtor as liquidated damages, and not a penalty, it being agreed by participation in the bid process that actual damages are impossible to determine, and such Earnest Money shall become property of the Bankruptcy Estate, subject to the rights of creditors and parties in interest including the Bond Trustee's liens and claims under the Cash Collateral Order.  In such event, the Subject Assets will be sold to the Qualified Bidder submitting the next highest

bid which is able to close in accordance with the terms of the Agreement, as the case may be.

45.

If Debtor does not consummate a sale of the Subject Assets for any reason (other than the Successful Bidder's failure to consummate a sale in accordance with the Agreement, as the case may be, and the Order approving the sale), Debtor's sole obligation shall be to refund the Earnest Money (if one was made by the Successful Bidder) to the Successful Bidder.

46.

Closing of the sale of the Subject Assets (the "Closing") shall take place in accordance with the closing date set forth in the Successful Bid, but in any event no later than August 14, 2023, unless extended by the Debtor, subject to the consent of the Bond Trustee.  With respect to Closing, time is of the essence.

47.

The balance of the purchase price shall be paid by the Successful Bidder to Debtor, by wire transferred, certified funds or other good funds at Closing in a form acceptable to Debtor.

25

48.

All adjustments to be made in connection with Closing, if any, shall be made as provided in the Successful Bid.

49.

In the event of any conflict in the terms and conditions set forth herein and in any agreement for purchase of the Subject Assets approved by the Bankruptcy Court ("Approved Purchase Agreement"), the court's Order shall govern.

50.

The Sale Hearing is to confirm a sale free and clear by the entry of a "Final Sale Order," and authorize specific payments from the proceeds of the sale at Closing.

51.

The Final Sale Order shall provide that all liens, claims, encumbrances, and interests in, to, or under the Subject Assets are removed from the Subject Assets and transferred and attached to the proceeds of the sale of the Subject Assets in the same priority and to the same extent and validity as such liens, claims, encumbrances, and interests attached to the Subject Assets.

52.

Debtor may, in its discretion and subject to the consent of the Bond Trustee, waive or modify any deadline herein, or to request continuance of any hearing scheduled pursuant to this Motion

WHEREFORE, Debtor requests that the Bankruptcy Court, after notice and hearing,

(i) authorize Debtor, pursuant to 11 U.S.C. §§ 105, and 363 (b), (f), and (m) and Bankruptcy Rule 6004, to market the Subject Assets for sale and conduct an auction in accordance with the terms of the Agreement, and to take such other acts as may be necessary and appropriate to effectuate the terms of this Motion,

(ii) set a final hearing as soon as practical following August 5, 2023, to approve the sale of the Subject Assets free and clear of all liens, claims, interests, and encumbrances, with all such valid liens, claims, interests, and encumbrances attaching to the proceeds of the sale in the same order of priority as they attached to the Subject Assets;

(iii) set the amount of any Cure Holdbacks as described herein, find that such Cure Holdbacks provide adequate assurance to any counterparty to an Assigned Contract, and authorize the assumption and assignment of the Assigned Contracts;

(iv) find that the Buyer is a good faith purchaser of the Subject Assets

within the meaning of Section 363(m) of the Bankruptcy Code;

(v) Order that the approval shall be effective immediately pursuant to

Bankruptcy Rules 7062, 9014, 6004(h) and 6006(d), and shall be final upon entry

and not stayed; and

(vi) grant such other and further relief as is just and proper.

This 9th day of May, 2023.

/s/_____
JOHN A. CHRISTY
Georgia Bar 125518
JONATHAN A. AKINS
Georgia Bar No. 472453
*Attorneys for Debtor*

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E.
Suite 800
Atlanta, Georgia 30309-4516
Tel:          (404) 681-3450
Fax:          (404) 681-1046
Email:       jchristy@swfllp.com
             jakins@swfllp.com

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have served a copy of the within and foregoing

documents on all counsel of record via the Court's CM/ ECF system or by placing a

copy of the same in the United States Mail, with sufficient postage thereon to ensure

delivery on the parties identified in the attached service list.

This 9th day of May, 2023.

/s/ Jonathan A. Akins
JONATHAN A. AKINS
Georgia Bar No. 472453

SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, N.E., Suite 800
Atlanta, Georgia 30309-4516
Tel: (404) 681-3450
Fax: (404) 681-1046
K:\10773\1\23-52262\Pleadings\CWI - Bid Procedures Motion (final v.2).DOCX

Label Matrix for local noticing
113E-1
Case 23-52262-sms
Northern District of Georgia
Atlanta
Tue May  9 14:50:35 EDT 2023

10 Kings LLC
80 W. Wieuca Road NE
Suite 170
Atlanta, GA 30342-3258

ADCO Pipe & Supply LLC
4014 Florence Blvd
Florence AL 35634
United States' 35634-2636

ADP Inc
1851 N. Resler
El Paso, TX 79912-8023

ADP, Inc.
c/o CT Corporation System
289 S. Culver St.
Lawrenceville, GA 30046-4805

AI Equity
1648 61st Street
Brooklyn, NY 11204-2109

AJ EQUITY GROUP LLC
1648 61St
Brooklyn, NY 11204-2109

(p)STATE OF ALABAMA DEPARTMENT OF REVENUE
P O BOX 320001
MONTGOMERY AL 36132-0001

AL Dept. of Revenue, Business Privilege Tax
P O Box 327320
Montgomery AL' 36132-7320

AT&T
c/o Business Bankruptcy
PO Box 769
Arlington, TX 76004-0769

Jonathan A Akins
Schreeder, Wheeler & Flint, LLP
Suite 800
1100 Peachtree Street NE
Atlanta, GA 30309-4516

Alabama Child Support Payment Center
P.O. Box 244015
Montgomery AL 36124-4015

Alabama Department of Labor
649 Monroe Street
Montgomery, Alabama 36131-0099

Alabama Dept. of Environmental Management
Permits and Services Division
1400 Coliseum Blvd.
Montgomery, Alabama 36110-2400

Alabama Dept. of Environmental Management
Permits and Services Division
PO Box 301463
Montgomery, Alabama 36130-1463

Alabama Hose Products
610 Tyler Avenue
Muscle Shoals AL 35661-2324

Alexander Land Surveying
Morton & Associates
102 S. Court Street, Suite 317
Florence, AL 35630-5633

American Paper & Twine
7400 Cockrill Bend Blvd.
PO Box 90348
Nashville TN 37209-0348

American Services, LLC
2281 Stateline Rd W
Southaven, MS 38671-1112

Anderson Trucking, LLC
5505 McCaleb Drive
Dora, Alabama 35062-2144

Andys Wrecker Service
20850 Highway 72
Tuscumbia AL 35674-6834

Apache Electrical Contractors Inc.
115 Ryland Ridge Circle, Unit 39
Huntsville AL 35811-7944

Arnolds Truck Stop, Inc.
1460 Highway 20
Tuscumbia AL 35674-6078

Athens Utilities
P.O. Box 830200
Birmingham AL 35283
United States' 35283-0200

Atomic Transport LLC
Po Box 2548
Chattanooga TN 37409
United States' 37409-0548

Atomic Transport, LLC
PO BOX 2548
Chattanooga, TN 37409-0548

Auto-Owners Insurance
P O Box 740312
Cincinnati OH 45274-0312

BTs Tires, Towing & Roadside
19592 Piney Chapel Road
Athens AL 35614-6140

James Blake Bailey
Bradley Arant Boult Cummings, LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL 35203-2119

Bill Cohen
3630 Peachtree Road, Suite 940
Atlanta, Georgia 30326-1551

Black & Hughston
406 West Avalon Avenue
Muscle Shoals AL 35661-2808

Blue Cross Blue Shield of Alabama
PO Box 362165
Birmingham, AL 35236-2165

Blue Cross Blue Shield of Alabama
Payment Processing
P O Box 360037
Birmingham AL 35236-0037

Bluevine Capital Inc.
30 Montgomery Street, Suite 1400
Jersey City, NJ 07302-3857

Branums Inc.
1364 Old Hwy 24
Trinity AL 35673-5600

Randall A. Brater
Arent Fox Schiff LLP
1717 K Street NW
Washington, DC 20006-5344

Brentwood Development
P O Box 30
Mooresville AL 35639' 35649-0030

Brickstone Fund
5314 16th Avenue
Suite 139
Brooklyn, NY 11204-1425

Brook T Smith Investment
2307 River Road, Suite 200
Louisville, KY 40206-5005

Beth M. Brownstein
Arent Fox LLP
1301 Avenue of the Americas
42nd Floor
New York, NY 10019-6040

Burr & Forman LLP
P O Box 830719
Birmingham AL 35283-0719

Byars
Wright, Inc.
P.O. Box 1309
Jasper AL 35501' 35502-1309

CDG Engineering
P.O. Box 278
Andalusia AL 36420-1205

CT Corporation
P O Box 4349
Carol Stream IL 60197-4349

CWI Alabama LLC
1750 Cane Creek Road
Cherokee AL 35616'

CWI Cherokee LF LLC
3284 Northside Parkway, Suite 600
Atlanta, GA 30327-2282

CWI Cherokee Landfill LLC
P O Box 740550
Tuscumbia AL 35674-7419

CWI Enterprises LLC
3284 Northside Parkway, Suite 600
Atlanta GA 30327-2282

CWI Transfer HSV LLC
c/o Amy Pearson, First State Bank, 101 S
Lonoke AR'

Carolina Software
P.O. Box 3097
Wilmington NC 28406-0097

Carter Enterprises, LLC
3260 County Road 45
Stanton AL 36790-3601

(p)CATERPILLAR FINANCIAL SERVICES CORPORATION
2120 WEST END AVENUE
NASHVILLE TN 37203-5341

Cherokee Auto Parts
8430 Hwy 72
Cherokee AL 35616-4403

Cherokee Truck & Trailer Repairs
P.O. Box 65
Cherokee AL 35616-0065

John A. Christy
Schreeder, Wheeler & Flint, LLP
1100 Peachtree Street
Suite 800
Atlanta, GA 30309-4516

City of Athens
PO Box 1089
Athens, AL 35612-1089

Civil Group LLC
919 E Avalon Avenue, Suite B
Muscle Shoals AL 35661-2338

CliftonLarsonAllen LLP
PO Box 740863
Atlanta GA 30374-0863

Comcast
P.O. Box 71211
Charlotte NC 28272-1211
United States' 28272-1211

Corporate Billing LLC
P O Box 830604, Dept 100
Birmingham AL 35283-0604

Daniel Rosser
201 North Main Street
Tuscumbia AL 35674-2042

Davis Services
5340 Hawk Pride Mountain Road
Tuscumbia AL 35674-7202

Day Help
432 Magazine Street
Tupelo MS 38804-4734

Denali
P.O. Box 740903
Atlanta, GA 30374-0903

Dentons Sirote PC
Stephen B. Porterfield, Esq
Dentons Sirote PC
2311 Highland Avenue South
Birmingham, AL 35205-2972

Dentons Sirote PC
Post Office Box 55509
Birmingham AL 35255-5509

Derek Griffin
80 W. Wieuca Road NE
Suite 170
Atlanta, GA 30342-3258

Duck Trout Marketing Co.
1165 Standard Drive
Atlanta GA 30319-3355

(p)EAST MANUFACTURING CORP
PO BOX 277
RANDOLPH OH 44265-0277

Eddies Collision Repair Inc.
21441 Highway 24
Russellville AL 35653-6617

Evergreen Environmental
300 Noble Hill Road
Attalla, AL 35954-0010

Evergreen Environmental Partners, LLC
425 Eagle Rock Avenue, Suite 201
Roseland, NJ 07068-1717

(p)FIRST METRO BANK
406 W AVALON AVENUE
MUSCLE SHOALS AL 35661-2808

Fleet Pride
1336 State Hwy 20
Tuscumbia, Alabama 35674

Fuller Heating & Air
509 Woodward Avenue
Muscle Shoals AL 35661-1545

Fundamental Capital SPE
100 Garden City Plaza
Suite 410
Garden City, NY 11530-3216

Kathleen G. Furr
Baker Donelson
3414 Peachtree Road, NE
Suite 1500, Monarch Plaza
Atlanta, GA 30326-1153

G. Brian Patterson, Revenue Commissioner
100 S Clinton Street, Suite A
Athens AL 35611-2665

GT Michelli Co., Inc.
130 Brookhollow Esplanade
Harahan LA 70123-5102

Gilbert Jean
2811 Long Drive
Jasper AL 35504-9108

Glenn E. Glover
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2119

Michael Guippone
ArentFox Schiff LLP
42nd Floor
1301 Avenue of the Americas
New York, NY 10019-6040

Gunn Co Pump & Control Inc.
P O BOX 2789
CUMMING GA 30028-6510

Lee B. Hart
Nelson Mullins Riley & Scarborough, LLP
Suite 1700
201 17th Street, NW
Atlanta, GA 30363-1099

Alan Hinderleider
Office of the United States Trustee
362 Richard B Russell Federal Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303-3315

Hines Tire Center, Inc.
419 South Court Street
Florence AL 35630-5613

Homrich
200 Matlin Road
Carleton MI 48117-9799

Huntsville Utilities
Huntsville AL 35895
United States' 35895-0001

ICS
501 S. Wood Avenue
Florence, Alabama 35630-5753

IPFS Corporation of the South
P O Box 730223
Dallas TX 75373-0223

ISCO Industries, Inc.
1974 Solutions Center
Chicago IL 60677-1009

Integrated Corporate Solutions, Inc.
P.O. Box 443
Florence AL 35631-0443

Internal Revenue Service
P. O. Box 7346
Philadelphia, PA 19101-7346


Internal Revenue Service
Centralized Insolvency Operation
Post Office Box 7346
Philadelphia, PA 19101-7346

J.T. Ray Company
4127 Helton Drive
Florence, Alabama 35630-6207

J.W. Hines Tire & Recycling Co., Inc.
1313 East 6th Street
Tuscumbia AL 35674-2931


JJ Keller & Associates Inc.
P O Box 6609
Carol Stream IL 60197-6609

JLW Contracting LLC
2310 Bennett Rd
Jasper AL 35503-4309

James E. Alexander Land Surveying
PO Box 160
Sheffield, AL 35660-0160


Jonathan Guthrie
Patrick Beard Schulman & Jacoway, P.C.
537 Market Street Suite 300
Chattanooga, TN 37402-1239

Justin Taylor
5210 Stonehaven View
Cummings GA 30040-0573

Kellys Truck Tire Service
2832 Jordan Lane NW
Huntsville AL 35816-1037


(p)KOMATSU AMERICA CORP
ATTN BEA BARRY
8770 W BRYN MAWR AVENUE STE 100
CHICAGO IL 60631-3782

Law Office of Tom Heflin
P O Box 320
Sheffield AL 35660-0320

Leigh, King & Associates PC
603 E 2nd St
Sheffield AL 35660-3276


Leigh, King , Norton & Underwood PC
603 East Second Street
Sheffield AL 35630' 35660-3276

Limestone County District Court
P.O. Box 964
Athens AL 35611' 35612-0964

Madison Mobile Storage Inc.
P O Box 2222
Decatur AL 35609-2222


Marland Hayes
Hayes Ingram LLC
PO Box 2653
Tuscaloosa, AL 35403-2653

Marshall Roberts
80 W. Wieuca Road NE
Suite 170
Atlanta, GA 30342-3258

Mid South Septic
11284 Gulf Stream Rd
Arlington, TN 38002-9807


Midsouth Paving Inc.
23066 US-72
Tuscumbia, Alabama 35674

Mobile Mini
PO Box 650882
Dallas TX 75265-0882

NAPA Auto Parts
84310 Hwy 72
Cherokee AL 35616'


NEXTRAN Truck Centers
13880 Highway 20
Madison AL 35758'

Napa-Moore Automotive Supply, Inc.
PO Box 512
Tishomingo MS 38873-0512

NortonUnderwood PC
102 N Main Street
Tuscumbia AL 35674-2041


On-Site Environmental
2605 Chelsea Ave
Memphis, TN 38108-1706

P&F Industrial Enterprises
1140 4th Street
Cherokee AL 35616-7151

PIRTEK Huntsville
303 Hazelwood Avenue
Dothan AL 36303-3851

Phil Adams
Walker Building
205 South Ninth Street
PO Box 2069
Opelika, Alabama 36803-2069

Stephen B. Porterfield
Dentons Sirote, P.C.
Suite 500
2311 Highland Avenue S.
Birmingham, AL 35205-2973

Profleet Semi Truck & Trailer Repair
615 Cox Street
Corinth MS 38834-6012

Prudential
P O Box 41594
Philadelphia PA 19176-1594

Ray Miller Buick-GMC, Inc.
246 Cox Creek Parkway
Florence, Alabama 35630-1571

Reed Maintenance
4700 Union Grove Road
Union Grove AL 35175-8197

Regions Bank
Corporate Trust Operations
250 Riverchase Parkway, E
4th Floor
Birmingham AL 35244-1832

Republic Services
PO BOX 677839
Dallas, TX 75267-7839

Romans Lock Service
1205 SW 11 1/2 Avenue
Sheffield AL 35660-5710

SEAM Financial LLC
P O Box 1506
O'Fallon IL 62269' 62269-1506

Searcy Tire LLC
3356 Mulberry Lane
Cherokee AL 35616-5360

Secretary of the Treasury
15th & Pennsylvania Avenue, NW
Washington, DC 20200

Sheffield Insurance
900 Corporate Drive
Birmingham AL 35242-2929

Sheffield Utilities
P O Box 580
Sheffield AL 35660-0580

Simmons Tire Company
P O Box 808
Sheffield AL 35660-0808

Robert J. Solomon
Solomon Baggett, LLC
3763 Rogers Bridge Road
Duluth, GA 30097-2845

Southern Environmental Engineering Inc.
P O Box 3241
Florence AL 35630-0010

Southern Tire Mart
Dept 143, P O Box 1000
Memphis TN 38148' 38101-2402

Kevin A. Stine
Baker Donelson
Monarch Plaza, Suite 1600
3414 Peachtree Road, N.E.
Atlanta, GA 30326-1153

Gary E. Sullivan
Hayes Ingram LLC
600 Lurleen Wallace Blvd S
Suite 160 Courthouse Plaza
Tuscaloosa, AL 35401-1734

TEC Cherokee Office
P O Box 23728
Jackson MS 39225-3728

TN Dept. of Labor and Workforce Development
220 French Landing Drive
Nashville, TN 37243-1002

Terrain Technology, Inc.
2993 Heavenly Lane
Snellville GA 30078-6681

The McPherson Companies
5051 Cardinal St
CREDIT DEPARTMENT
TRUSSVILLE, AL 35173-1871

The McPherson Companies Inc.
5051 Cardinal Street
Trussville, AL 35173-1871

The McPherson Companies Inc.
Dept #6445
P O Box 11407
Birmingham AL 35246-3035

Thompson Tractor Co., Inc.
PO Box 934005
Atlanta GA 31193-4005

Todd Moreland
PO Box 3069
Chattanooga, TN 37404-0069

Tommy L. Oswalt, Revenue Commissioner
P.O. Box 741010
Tuscumbia AL 35674-7423

Town of Cherokee
P O Box D
Cherokee AL 35616-0200

Tractor & Equipment Company
P O Box 12326
Birmingham AL 35202-2326

Tri Cities Truck Parts
1200 E 2nd Street
Muscle Shoals AL 35661-1710

TriCities / Shoals Solid Waste Disposal Auth
P O Box 408
Tuscumbia AL 35674-0408

Troxel Trailer
1004 Burlington Road
Saginaw TX 76179-1237

Truckworx Kenworth
Corporate Billing, Dept 100
PO Box 830604
Birmingham AL 35283-0604

Tuscumbia Utilities
P.O. Box 269
Tuscumbia AL 35674-0269

U. S. Securities and Exchange Commission
Office of Reorganization
Suite 900
950 East Paces Ferry Road, NE
Atlanta, GA 30326-1382

U.S. Postal Service
Accounting Service Center
2825 Loan Oak Parkway
Eagan, MN 55121-1551

United Site Services of MS, LLC
150 Pioneer Drive
Killen AL 35645-7912

United States Attorney
Northern District of Georgia
75 Ted Turner Drive SW, Suite 600
Atlanta GA 30303-3309

United States Treasury
P O Box 742562
Cincinnati OH 45280-2562' 45274-2562

United States Trustee
362 Richard Russell Federal Building
75 Ted Turner Drive, SW
Atlanta, GA 30303-3315

Valicor Environmental Services
Dept 77380
PO Box 77000
Detroit, MI 48277-2000

Walker County Circuit Clerk
1801 3rd AVE
STE 205
Jasper AL 35501-5390

Warrior Energy
9002 Energy Lane
Northport, Alabama 35476-3453

Waste Connections
Northeast Mississippi Regional
P.O. Box 311
Walnut MS 38683-0311

Waste Connections
PO Box 311
Walnut, MS 38683-0311

Watson McKinney LLP
200 Clinton Avenue W, Suite 110
Huntsville AL 35801-4934

Wayne Holt
3210 Hatch Blvd
Sheffield AL 35660-1604

Wes Shafto
1818 Avenue of Americas
Monroe, LA 71201-4530

Wilks Tire & Batter Service
428 N Broad St
Albertville AL 35950-1761

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AL Department of Revenue
50 North Ripley Street
Montgomery AL 36132
United States'

Caterpillar Financial Services
P.O. Box 730681
Dallas TX 75373'

East Manufacturing Corp.
P.O. Box 277
Randolph OH 44265'

First Metro Bank
301 N. Main Street
Tuscumbia, Alabama 35674

Komatsu Financial
8770 W. Bryn Mawr Ave, Suite 100
Chicago, IL 60631

(d)Komatsu Financial Limited Partnership
8770 W Bryn Mawr Avenue
Suite 100
Chicago, IL 60631

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)B. Riley Securities, Inc.                (u)Schuyler Espy                        (u)Scott Galanti
                                            Burr & Forman LLP

(u)REGIONS BANK                             (u)Solid Waste Disposal Authority of the Citi    (u)UMB Bank, National Association

(u)Waste Connections of Mississippi, Inc.   End of Label Matrix
                                            Mailable recipients    170
                                            Bypassed recipients      7
                                            Total                  177